UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

**ORVILLE DALE RITTER,**

        **Plaintiff,**

v.                                                                      Case No:   6:17-cv-491-Orl-40GJK

**COMMISSIONER OF SOCIAL
SECURITY,**

        **Defendant.**

## REPORT AND RECOMMENDATION

Orville Dale Ritter (the "Claimant") appeals a final decision of the Administrative Law Judge (the "ALJ"), finding him not disabled and thus denying his application for Social Security Disability Insurance Benefits and Supplemental Security Income Payments. Doc. No. 17; R. 6-26. Claimant alleges a disability onset date of April 8, 2008. R. 213. Claimant argues that the ALJ's decision should be reversed for the following reasons: (1) the ALJ did not apply the correct legal standards to the opinion of a consultative examining physician; (2) the ALJ did not apply the correct legal standards to Claimant's podiatrist's opinion; and (3) the ALJ erred in according little weight to the opinions contained in the Vocational Rehabilitation Evaluation Report. Doc. No. 17 at 13-14, 19-22, 28-29. It is recommended that the ALJ's final decision be **REVERSED** and these proceedings **REMANDED**.

**I.     STANDARD OF REVIEW.**

The Commissioner's findings of fact are conclusive if supported by substantial evidence. 42 U.S.C. § 405(g) (2010). Substantial evidence is more than a scintilla – i.e., the evidence must do more than merely create a suspicion of the existence of a fact and must include such relevant

evidence as a reasonable person would accept as adequate to support the conclusion. *Foote v. Chater*, 67 F.3d 1553, 1560 (11th Cir. 1995) (citing *Walden v. Schweiker*, 672 F.2d 835, 838 (11th Cir. 1982) and *Richardson v. Perales*, 402 U.S. 389, 401 (1971)). Where the Commissioner's decision is supported by substantial evidence, the District Court will affirm, even if the reviewer would have reached a contrary result as finder of fact, and even if the reviewer finds that the evidence preponderates against the Commissioner's decision. *Edwards v. Sullivan*, 937 F.2d 580, 584 n.3 (11th Cir. 1991); *Barnes v. Sullivan*, 932 F.2d 1356, 1358 (11th Cir. 1991). The Court must view the evidence as a whole, considering evidence that is favorable as well as unfavorable to the decision. *Foote*, 67 F.3d at 1560. The District Court "'may not decide the facts anew, reweigh the evidence, or substitute [its] judgment for that of the [Commissioner].'" *Phillips v. Barnhart*, 357 F.3d 1232, 1240 n.8 (11th Cir. 2004) (quoting *Bloodsworth v. Heckler*, 703 F.2d 1233, 1239 (11th Cir. 1983)).

## II.   ANALYSIS.

Claimant gives three reasons supporting reversal of the ALJ's decision: (1) the ALJ did not apply the correct legal standards to the opinion of a consultative examining physician; (2) the ALJ did not apply the correct legal standards to Claimant's podiatrist's opinion; and (3) the ALJ erred in according little weight to the Vocational Rehabilitation Evaluation Report. Doc. No. 17 at 13-14, 19-22, 28-29.

### A. Consultative Examining Physician's Opinion

Claimant argues that the ALJ did not apply the correct legal standards to the opinion of the consultative examining physician, Dr. Donna S. Lester, M.D. Doc. No. 17 at 13-14. Dr. Lester examined Claimant on February 9, 2013, "for the purpose of providing information to the State Disability Office for their use in making a determination of disability . . . ." R. 398. In her report,

under the section labelled "IMPRESSION," she wrote that Claimant "could stand for an hour and he could sit for unlimited periods of time." R. 401. In evaluating Dr. Lester's opinion, the ALJ stated that he gave it "significant weight." R. 18. The ALJ then stated the following: "Dr. Lester did not identify any specific limitations and observed that the claimant was able to follow simple directions, stand for an hour and sit for unlimited periods with the finding of no specific abnormalities other than decreased range of motion in the ankles (Ex. 6F)." R. 18. The ALJ assigned Claimant a residual functional capacity ("RFC") of light work with some limitations and specifically stated that he could "stand or walk for up to two hours at one time and a total of six hours in an eight-hour workday with customary breaks." R. 13.

Claimant argues that the ALJ's finding that Dr. Lester did not identify any specific limitations is contrary to Dr. Lester's opinion that Claimant could stand for an hour. Doc. No. 17 at 13. The Commissioner does not dispute this; instead, the Commissioner argues that this limitation could be consistent with an RFC of light work; that giving an opinion significant weight does not require the opinion to be included verbatim into the Claimant's RFC; and that the ALJ is not required to base the RFC on a medical opinion of Claimant's RFC. Doc. No. 17 at 17-18.

"[T]he ALJ must state with particularity the weight given to different medical opinions and the reasons therefor." *Winschel v. Comm'r of Soc. Sec.*, 631 F.3d 1176, 1179 (11th Cir. 2011). Without those reasons, the reviewing court cannot determine whether the ALJ's decision was rational and supported by substantial evidence, and it will not affirm, even if there is some basis that supports the ALJ's decision. *Id.* In *Winschel*, the Eleventh Circuit held that whenever a physician offers a statement reflecting judgments about the nature and severity of a claimant's impairments, including symptoms, diagnosis, and prognosis; what the claimant can still do despite her impairments; and the claimant's physical and mental restrictions; the statement constitutes an

opinion, which requires the ALJ to state with particularity the weight given to it and the reasons therefor. 631 F.3d at 1178-79 (citing *Sharfarz v. Bowen*, 825 F.2d 278, 279 (11th Cir. 1987)); *see also MacGregor v. Bowen*, 786 F.2d 1050, 1053 (11th Cir. 1986) (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error). Medical opinions are judgments regarding the nature and severity of the claimant's impairments. *Lara v. Comm'r of Soc. Sec.*, 705 F. App'x 804, 811 (11th Cir. 2017) ("A medical provider's treatment notes may constitute medical opinions if the content reflects judgment about the nature and severity of the claimant's impairments.").[1] An ALJ may not "implicitly discount" or ignore any medical opinion. *Winschel*, 631 F.3d at 1178-79; *MacGregor*, 786 F.2d at 1053; *McClurkin v. Soc. Sec. Admin.*, 625 F. App'x 960, 962-63 (11th Cir. 2015) (reversible error for ALJ to fail to state weight given to non-examining physician's opinion).

     Dr. Lester specified a limitation in her medical opinion when she stated that Claimant could stand for one hour. R. 18. The ALJ does not explain why he did not consider this a specific limitation. Additionally, affording significant weight to Dr. Lester's opinion that Claimant could stand for one hour contradicts the RFC that Claimant can "stand or walk for up to two hours at one time and a total of six hours in an eight-hour workday with customary breaks." R. 13. These contradictions demonstrate that the ALJ did not state the weight given to Dr. Lester's opinion or the reasons for that weight with particularity. The ALJ's failure to do so renders it impossible for the Court to discern why the ALJ concluded that Dr. Lester did not specify limitations and why the ALJ did not incorporate the one-hour standing limitation into the RFC. Thus, this is reversible error. *Compare MacGregor*, 786 F.2d at 1053 (failure to state with particularity the weight given to opinions and the reasons therefor constitutes reversible error), *with Lara v. Comm'r of Soc. Sec.*,

---

[1] In this circuit, "[u]npublished opinions are not considered binding precedent, but they may be cited as persuasive authority." 11th Cir. R. 36-2.

705 F. App'x 804, 812 (11th Cir. 2017) (failure to state weight given to medical opinions was harmless error where the ALJ's "decision was consistent with the records.").

### B. Claimant's Podiatrist's Opinion

Claimant argues that the ALJ erred in affording the opinion of his podiatrist, Dr. Lori Grant, DPM, no weight. Doc. No. 17 at 19. The ALJ stated the following:

> No weight is given to the opinions of Dr. Grant, the claimant's podiatrist. Dr. Grant opined that the claimant was limited to performing sedentary work with a change in position every 15 minutes (Ex. 9F, 11F). Little weight is given to these opinions as they are inconsistent with the limited and conservative treatment history and the objective medical findings, as well as the claimant's activity level.

R. 19. The first page of Exhibit 9F was not included in the Record submitted to the Court; in its place is a paper stating, "PAGES HAVE BEEN REMOVED BECAUSE IT [sic] BELONGS TO ANOTHER SSA NUMBER HOLDER[.]" R. 415. Although the ALJ cites Exhibits 9F and 11F as support for Dr. Grant's opinion that Claimant is "limited to performing sedentary work with a change in position every 15 minutes," that opinion is not found in those Exhibits. R. 415-19, 436-38. Instead, in Exhibit 9F, Dr. Grant states that Claimant "is able to work as long as he has a sit down job with limited amount of time on his feet." R. 417, 419. There is no mention of changing positions. In Exhibit 11F, Dr. Grant opines that Claimant can stand or walk for one to two hours in an eight hour workday. R. 436. She also opines that Claimant cannot lift more than ten pounds or push/pull more than ten pounds. R. 436, 437.

The ALJ misstated Dr. Grant's opinion when he stated that Dr. Grant limited Claimant to sedentary work with a change in position every fifteen minutes. R. 19, 415-19, 436-38. The ALJ gave this non-existent opinion no weight because it was "inconsistent with the limited and conservative treatment history and the objective medical findings, as well as the claimant's activity

level." R. 19. The ALJ misstated Dr. Grant's medical opinion, and then compared the misstated medical opinion with Claimant's treatment history, objective medical findings, and activity level. This was not harmless error, as the RFC the ALJ assigned Claimant stated that he could lift twenty pounds occasionally, R. 13, which directly contradicts Dr. Grant's opinion that Claimant cannot lift more than ten pounds, R. 436. The Court should reverse the ALJ's decision because the reasons given for the weight the ALJ accorded Dr. Grant's opinion are not supported by substantial evidence.[2]

### C. Vocational Rehabilitation Evaluation Report

On July 30, 2015, Eileen Glass, who is a rehabilitation counselor and disability management specialist, and Dr. Flora Ann Pinder, who is a rehabilitation counselor, disability management specialist, certified case manager, and licensed mental health counselor, issued a Vocational Rehabilitation Evaluation Report (the "Report") regarding Claimant. R. 421-27. In it, they opine, among other things, that Claimant is incapable of performing sedentary work. R. 426. The ALJ gave the Report "limited weight" because the IQ scores in the Report were inconsistent "with the [C]laimant's demonstrated ability to do semiskilled work after his head injuries in 1993." R. 19. In support, the ALJ referred to the vocational expert's testimony that Claimant's past work as a tile setter was skilled and as a plumber's helper was semiskilled. R. 19. The ALJ also stated that there was no evidence that Claimant's cognitive abilities significantly worsened after his alleged disability onset date, as his head injury occurred approximately fifteen years before his onset date. R. 19.

---

[2] Whether Dr. Grant was Claimant's treating physician or not does not alter this conclusion. Even if the medical opinion is from a non-treating source, the ALJ must still state the weight given to it. *Winschel*, 631 F.3d at 1178-79; *MacGregor*, 786 F.2d at 1053; *McClurkin*, 625 F. App'x at 962-63.

Claimant argues that the ALJ's findings are not supported by substantial evidence because the Report contained conclusions regarding Claimant's extreme difficulty with working memory, poor recall, poor processing speed, and significant memory deficits. Doc. No. 17 at 28. Claimant also argues that the Report's testing and opinions are consistent with other observations of Claimant. *Id.*

The Commissioner argues that the authors of the Report are not acceptable medical sources, and thus they may not offer medical opinions and their opinions are not entitled to any special significance or consideration. *Id.* at 29-30. The Commissioner contends that ALJs generally are not required to articulate specific reasons for discounting opinions from other sources. *Id.* at 30. The Commissioner also argues that the opinion that Claimant could not perform any work was not entitled to any weight because it is an issue reserved to the Commissioner. *Id.* The Commissioner points to evidence that conflicts with the opinions in the Report. *Id.* at 30-31. Finally, the Commissioner argues that the vocational expert's testimony regarding the skilled and semiskilled nature of Claimant's past work supports the ALJ's conclusion that the IQ scores in the Report were inconsistent with that past work. *Id.* at 31.

The ALJ did not have a duty to give the Report significant or controlling weight because the authors of the Report are not acceptable medical sources, and only medical opinions from acceptable medical sources are generally entitled to significant or controlling weight. *See* 20 C.F.R. §§ 404.1527(a), 416.927(a) (acceptable medical sources can give medical opinions, and treating sources are acceptable medical sources that provide the claimants with medical treatment or evaluation and have ongoing treatment relationships with the claimants); 20 C.F.R. §§ 404.1527(c)(2), 416.927(c)(2) (acceptable medical sources' medical opinions receive controlling weight if they are "well-supported by medically acceptable clinical and laboratory diagnostic

techniques and . . . not inconsistent with the other substantial evidence in [the claimants'] case record[s] . . . ."); *Winschel*, 631 F.3d at 1179 ("Absent 'good cause,' an ALJ is to give the medical opinions of treating physicians 'substantial or considerable weight.'"); *Miles v. Soc. Sec. Admin., Comm'r*, 469 F. App'x 743, 745 (11th Cir. 2012) ("an ALJ has no duty to give significant or controlling weight to a chiropractor's views because, for SSA purposes, a chiropractor is not a 'medical source' who can offer medical opinions."); *Chapman v. Comm'r of Soc. Sec.*, No. 17-11217, 2017 WL 4260806, at *2 (11th Cir. Sept. 26, 2017) (ALJ not required to give special weight to chiropractor's opinion "or specifically explain his reasons for disregarding the opinion."). Because the authors of the Report are not acceptable medical sources, "the ALJ need only 'ensure that the discussion of the evidence ... allows a claimant or subsequent reviewer to follow [its] reasoning.'" *Chapman*, No. 17-11217, 2017 WL 4260806, at *2 (quoting SSR 06-03p, 2006 WL 2329939, at *6 (Aug. 9, 2006), which defines acceptable medical sources and states that "non-medical sources" include "rehabilitation counselors"). "[T]he adjudicator generally should explain the weight given to opinions from these 'other sources,' or otherwise ensure that the discussion of the evidence in the determination or decision allows a claimant or subsequent reviewer to follow the adjudicator's reasoning, when such opinions may have an effect on the outcome of the case." SSR 06-03p, 2006 WL 2329939, at *6.

Here, the ALJ explained the weight he gave the report ("limited weight") and provided reasons that Claimant and the Court can follow for assigning that particular weight (Claimant's past work as skilled and semiskilled and no evidence of significant worsening in cognitive abilities since the alleged disability onset date). R. 19. Although Claimant points to evidence that he has weak cognitive abilities, Doc. No. 17 at 28-29, he does not direct the Court to anything in the record contradicting the ALJ's statement that there was "no evidence of significant worsening in

the [C]laimant's cognitive abilities since his amended alleged onset date[,]" R. 19. The Court may not reweigh the evidence. *Phillips v. Barnhart*, 357 F.3d at 1240 n.8. The ALJ was not required to assign the Report significant or controlling weight, the ALJ clearly explained the weight he gave the Report and the reasons therefor, and those reasons are supported by substantial evidence. Accordingly, it is recommended that the Court reject this argument.

### III. CONCLUSION.

For the reasons stated above, it is **RECOMMENDED** that:

1. The final decision of the Commissioner be **REVERSED** and **REMANDED** pursuant to sentence four of 42 U.S.C. § 405(g); and

2. The Clerk be directed to enter judgment for Claimant and close the case.

### NOTICE TO PARTIES

A party has fourteen days from this date to file written objections to the Report and Recommendation's factual findings and legal conclusions. A party's failure to file written objections waives that party's right to challenge on appeal any unobjected-to factual finding or legal conclusion the district judge adopts from the Report and Recommendation. 11th Cir. R. 3-1.

**DONE** and **ORDERED** in Orlando, Florida, on January 19, 2018.

GREGORY J. KELLY
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Richard A. Culbertson, Esq.
3200 Corrine Dr.
Orlando, FL 32803

W. Stephen Muldrow
Acting United States Attorney
John F. Rudy, III
Assistant United States Attorney
400 N. Tampa St.
Suite 3200
Tampa, FL 33602

Mary Ann Sloan, Regional Chief Counsel
Susan Story, Acting Regional Deputy Chief Counsel
Brian Seinberg, Branch Chief
Ealy Ko, Assistant Regional Counsel
Social Security Administration
Office of the General Counsel, Region IV
Atlanta Federal Center
61 Forsyth Street, S.W., Suite 20T45
Atlanta, Georgia 30303

The Honorable Ken B. Terry
Administrative Law Judge
c/o Office of Disability Adjudication and Review
SSA ODAR Hearing Ofc
Desoto Bldg., Suite 400
8880 Freedom Crossing Trl.
Jacksonville, FL 32256-1224